## Harrell v. Radnor Township

*Fronefield Crawford*, for plaintiffs.

*John R. Graham*, for defendant.

SWENEY, P. J., April 10, 1962.—This case is before the court en banc, on oral argument and written briefs upon a complaint to test the legality of ordinance no. 1108 of Radnor Township, which creates an amendment to the zoning ordinance by providing an additional classification known as C-1A — Special Use Business District, and rezoning a certain tract of ground in Villanova from R-3 to C-1A, Special Use District.

The facts in this case have been stipulated by counsel, and briefly the facts are that the township advertised for a public hearing to be held September

27, 1960, to consider the amendment to the zoning ordinance; the public hearing was held as advertised before the township commissioners, when the reclassification and the rezoning of the Villanova tract were fully discussed; on November 29, 1960, the commissioners enacted ordinance 1108 and thereafter the ordinance was properly advertised; this appeal followed within 30 days after the adoption of the ordinance.

The questions before the court are: (1) may reclassification and rezoning be advertised and discussed at a public meeting together and, thereafter, be adopted in the same ordinance; and (2) does a variance between the advertisement and the ordinance as passed abrogate the ordinance.

There seems to be no case directly in point in Pennsylvania. The case nearest in facts to the instant case is covered by Dreslin v. West Norriton Township, 13 D. & C. 2d 591, 73 Montg. 459, where an ordinance was passed setting up a "B.P.—Business and Professional" district, without designating the land to be zoned under this classification. We say, in the instant case, with our esteemed friend, the late President Judge Knight, "we cannot say that we approve of this type of stand by legislation, but we cannot say that it is illegal so far as matters of procedure are concerned."

Appellants here do not challenge ordinance no. 1108 on any ground except procedurally. It has always been the practice that, when a zoning ordinance is passed initially, the ordinance has contained the various classifications and is accompanied by a plot plan setting up the land affected by the various classifications. It is reasonable that this practice should be followed as to amendments. Appellants advance the case of Sisters of Mercy in City of Philadelphia v. Lower Gwynedd Township, 75 Montg. 190, in which Judge Gerber holds that since ordinance 28, which set up an "F-1-Limited

Industrial District" had not been enacted, when, upon application of the Moore Products Company to have its property, consisting of 103 acres rezoned from "A" Residential to "F-1" Limited Industrial, the commissioners passed ordinance 28-A. It is not difficult to follow Judge Gerber's reasonng in this matter and were the facts in our case identical, we might agree. However, here there is action by the township in one ordinance, after due advertising and hearings, and we approve this as proper procedure under the zoning statutes.

As to the second question raised, we have examined carefully the advertisements in conjunction with the ordinance as passed. We find that all changes improved the position of surrounding property owners and were evidently conceded by the commissioners after hearing the arguments of protestants. As a consequence, we do not find that this is improper practice but is, in fact, a prerogative of the board of township commissioners.

### Decree

And now, April 10, 1962, it is ordered and decreed that the appeal herein filed by Dick D. Harrell and Alice W. Harrell, his wife, and Aldwyn Civic Association be, and it is hereby, dismissed; costs to be paid by appellants.